# In the United States Court of Federal Claims

No. 24-755

Filed: June 21, 2024

**Corrected**

|  |  |
|---|---|
| EFRAIN MARTINEZ CASTILLO, *also known as* EFRAIN OF THE MARTINEZ-CASTILLO FAMILY, | ) ) ) ) ) ) |
| *Plaintiff*, | ) ) |
| v. | ) ) |
| THE UNITED STATES, | ) ) ) |
| *Defendant*. | ) ) ) |

### ORDER

    Plaintiff, Efrain Martinez Castillo, proceeding *pro se*, filed a document entitled "Notice of Extenuating Circumstances Damaging Plaintiff" on May 31, 2024. The court construed this document as a motion for injunctive relief because it sought to enjoin a state court from issuing orders. ECF No. 7. The court then denied that motion as beyond the authority Congress gave this court. *Id*.

    Plaintiff has filed a "notice of jurisdiction," in which he asserts that this court erred in denying injunctive relief and in dismissing claims against parties other than the United States. ECF No. 9. Because there is no provision in this court's rules for a "notice of jurisdiction," this court construes the plaintiff's filing as a motion to reconsider the denial of his motion for injunctive relief and his claims against entities other than the United States. *See* RCFC 59 and 60.

    The court generally grants a motion to reconsider in three circumstances. "'The movant must show either that: an intervening change in the controlling law has occurred, evidence not previously available has become available, or that the motion is necessary to prevent manifest injustice.'" *Bolduc v. United States*, No. 05-649C, 2006 WL 5625923, at *1 (Fed. Cl. Aug. 24, 2006) (quoting *Bishop v. United States*, 26 Cl. Ct. 281, 286 (1992)). Plaintiff has failed to come forward with any reason for the court to reconsider its previous order.

    First, plaintiff does not appear to understand what happened with his prior filing. He complains that the Clerk's Office sent his "Notice of Extenuating Circumstances Damaging Plaintiff" to chambers with a deficiency memo. It did. This was because there is no provision in the court's Rules for such a filing and the Clerk's Office was seeking direction from chambers on

how to deal with the filing.  The court reviewed the filing, determined that it was a motion seeking injunctive relief, and directed the Clerk to file it as such.  That is for the benefit of the plaintiff.  The alternative would have been for the court to *reject* the filing for failing to comply with the Rules, which would have been inappropriate in these circumstances.

Second, plaintiff complains that the court construed his prior motion as a motion for injunctive relief.  Plaintiff's prior motion sought an order from this court directing another court to stop issuing orders.  In other words, it sought injunctive relief, which this court concluded was outside its jurisdiction to issue.  Although plaintiff insists his prior filing is clear, it is not.  Because it is not clear, the court did not dismiss it entirely.  None of that changes the fact that this court generally lacks equitable powers.

Third, plaintiff complains that this court determined that it lacks the authority to order the Multnomah County Circuit Court to do (or not do) anything.  Again, there is no factual or legal basis for this court to order a state court to do anything.  If plaintiff is dissatisfied with the orders coming from the Multnomah County Circuit Court, his relief would appear to be in an appropriate appellate court with jurisdiction over that court, which is most certainly not this court.

Fourth, plaintiff complains that this court dismissed his complaint insofar as it seeks relief against any party other than the United States before the government has challenged it on legal or factual grounds.  This argument is without merit.  "A court may and should raise the question of its jurisdiction *sua sponte* at any time it appears in doubt."  *Arctic Corner, Inc. v. United States*, 845 F.2d 999, 1000 (Fed Cir. 1988).  And, under Rule 12(h)(3), "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."  Here, there is no possibility of jurisdiction over claims against any defendant other than the United States.

Plaintiff spends a significant amount of time arguing that the government is merely a collection of people and, therefore, the court was wrong to dismiss claims against individuals.  He then criticizes the court's reliance on a decision of this court, which he contends is not precedent, rather than the Supreme Court.  Putting aside the issue of precedent, the plaintiff's concern is easily answered.  According to the Supreme Court of the United States, "if the relief sought is against others than the United States the suit as to them must be ignored as beyond the jurisdiction of [this] court."  *United States v. Sherwood*, 312 U.S. 584, 588 (1941).  Again, "the *only* proper defendant for any matter before this court is the United States, not its officers, nor any other individual."  *Stephenson v. United States*, 58 Fed. Cl. 186, 190 (2003) (emphasis in original).  There is no factual or legal basis to challenge the court's adherence to binding Supreme Court precedent.  Because there was no error in the court's prior decision, the court denies the plaintiff's motion to reconsider.

Finally, under this court's rules, the government has until July 12, 2024, to respond to the complaint.  *See* RCFC 12(a)(1)(A) and 12(b).  At that time, the government will either answer the complaint or file a motion to dismiss it.  If the government moves to dismiss, the plaintiff will have an opportunity to file whatever arguments against such a motion that he pleases.  Barring something extraordinary, there should not be a need for plaintiff to file anything before

his response to the government's motion (if it files one).  The court will then address the arguments after the government files its reply brief.

      Therefore, Plaintiff's motion for reconsideration is DENIED.

It is so ORDERED.

<u>s/ Edward H. Meyers</u><br>
Edward H. Meyers<br>
Judge