In the United States Court of Federal Claims

No. 24-755<br>Filed: February 7, 2025

|  |  |
|---|---|
| EFRAIN MARTINEZ CASTILLO,<br>*also known as*<br>EFRAIN OF THE MARTINEZ-CASTILLO FAMILY,<br><br>               *Plaintiff*,<br><br> v.<br><br>THE UNITED STATES,<br><br>               *Defendant*. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**OPINION AND ORDER**

      Plaintiff, Efrain Martinez Castillo, proceeding pro se, appears to make multiple claims stemming from a domestic relations matter in the Multnomah County Circuit Court in Oregon. ECF No. 1 at 2.[1] Specifically, Mr. Castillo seems to make claims against the Multnomah County Circuit Court, various officials of the same, and various private attorneys who seem to have been involved with his proceedings in that court. ECF No. 1 at 2–3. Mr. Castillo requests default judgment entered against these individuals. ECF No. 1 at 3. The Government has moved to dismiss for lack of subject matter jurisdiction and for failure to state a claim. ECF No. 11 at 1.

      This court's primary grant of jurisdiction appears in the Tucker Act, which provides that:

> [this court] shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort.

28 U.S.C. § 1491(a)(1). But "[t]he Tucker Act, of course, is itself only a jurisdictional statute; it does not create any substantive right enforceable against the United States for money damages." *United States v. Testan*, 424 U.S. 392, 398 (1976). To invoke this court's jurisdiction, Mr. Castillo must identify a "separate source of substantive law that creates the right to money damages." *Greenlee Cnty. v. United States*, 487 F.3d 871, 875 (Fed. Cir. 2007) (internal

---

[1] The court cites to the pagination in the ECF Header.

quotation marks omitted) (quoting *Fisher v. United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005)).  If Mr. Castillo fails to establish jurisdiction, this court must dismiss the complaint. RCFC 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Outlaw v. United States*, 116 Fed. Cl. 656, 658–59 (2014).

Mr. Castillo bears the burden of establishing this court's jurisdiction by a preponderance of the evidence.  *Stephens v. United States*, 884 F.3d 1151, 1156 (Fed. Cir. 2018).  When determining whether there exists jurisdiction, "the court accepts as true all uncontroverted factual allegations in the complaint, and construes them in the light most favorable to the plaintiff."  *Id*. at 1155 (internal quotation marks omitted) (quoting *Estes Express Lines v. United States*, 739 F.3d 689, 692 (Fed. Cir. 2014)).  Because Mr. Castillo appears pro se, the court holds his pleadings to "less stringent standards than formal pleadings drafted by lawyers."  *Naskar v. United States*, 82 Fed. Cl. 319, 320 (2008) (internal quotation marks omitted) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)).  That leniency, however, does not relieve Mr. Castillo from establishing this court's jurisdiction.  *Stephens*, 884 F.3d at 1156; *Kelley v. Sec'y, U.S. Dep't of Lab.*, 812 F.2d 1378, 1380 (Fed. Cir. 1987); *Minehan v. United States*, 75 Fed. Cl. 249, 253 (2007).  And because the Court lacks jurisdiction over this case, it must be dismissed.

From what the court can discern, Mr. Castillo's claims seem to stem from a divorce proceeding in Multnomah County Circuit Court.  ECF No. 1 at 2–3.  But this court has no authority to review state court rulings.  *E.g.*, *Robinson v. United States*, 135 Fed. Cl. 556, 560 (2017) ("[T]o the extent that the complaint . . . could be read to include a request that this court invalidate or otherwise reverse [a] state court decision . . . the court is powerless to review the decisions of state courts.") (citation omitted).  Thus, even assuming all alleged facts in the complaint to be true and construing them in the best light for the Plaintiff, to the extent that Mr. Castillo challenges proceedings in other courts and the outcome of his divorce proceedings, this court lacks jurisdiction.  Accordingly, the court must dismiss those claims.

The court also lacks jurisdiction over Mr. Castillo's claims that challenge the actions of state officials or individuals.  The Tucker Act limits this court's jurisdiction only to cases against the United States.  28 U.S.C. § 1491(a)(1).  This jurisdiction does not extend to any other party, and "if the relief sought is against others than the United States the suit as to them must be ignored as beyond the jurisdiction of the court."  *United States v. Sherwood*, 312 U.S. 584, 588 (1941).  Thus, this court does not have jurisdiction over cases against state officials or private parties.  *Brown v. United States*, 105 F.3d 621, 624 (Fed. Cir. 1997); *Sherwood*, 312 U.S. at 588. The court must dismiss the complaint insofar as it brings claims against any entity other than the United States.

Finally, to the extent Mr. Castillo is alleging a violation of due process,[2] those allegations fail to establish a money-mandating source of law on which to base jurisdiction.  Mr. Castillo's claims do not involve money-mandating provisions because, "except for the taking clause of the [F]ifth [A]mendment, the other [A]mendments do not require the United States to pay money for their alleged violation."  *Elkins v. United States*, 229 Ct. Cl. 607, 608 (1981) (per curiam); *see also, e.g.*, *Taylor v. United States*, 844 F. App'x 369, 371 (Fed. Cir. 2021); *Smith v. United States*, 709 F.3d 1114, 1116 (Fed. Cir. 2013) ("The law is well settled that the Due Process

---

[2] It is unclear to the court whether Mr. Castillo is making a due process claim.

clauses of both the Fifth and Fourteenth Amendments do not mandate the payment of money and thus do not provide a cause of action under the Tucker Act.") (citing *LeBlanc v. United States*, 50 F.3d 1025, 1028 (Fed. Cir. 1995)); *LeBlanc*, 50 F.3d at 1028 (holding that the Fourteenth Amendment's Due Process and Equal Protection Clauses do not confer jurisdiction to this court "because they do not mandate payment of money by the government") (citing *Carruth v. United States*, 627 F.2d 1068, 1081 (Fed. Cir. 1980)). Accordingly, this court lacks jurisdiction over Mr. Castillo's due process claims.

In his response, ECF No. 12, to the Government's motion to dismiss, ECF No. 11, Mr. Castillo raises various concerns about certain individuals appearing as counsel in the present matter. ECF No. 12 at 1–2. Mr. Castillo's response also appears to assert claims under the Declaration of Independence and natural human rights. ECF No. 12 at 8–13. The court finds that Mr. Castillo's response does not adequately address the jurisdictional concerns raised by the Government in its motion to dismiss. Because the complaint and response failed to establish any claims over which this court can exercise jurisdiction, the court must dismiss the present action.

For the foregoing reasons, the court **GRANTS** the Government's 12(b)(1) motion to dismiss, ECF No. 11. The court **DIRECTS** the Clerk's office to enter judgment accordingly.

It is so ORDERED.

s/ Edward H. Meyers  
Edward H. Meyers  
Judge